IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM NEPEAHI,

    Plaintiff,

  v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　No. CV 10-1223 RB/RHS

P. BHAKTA,
GUADALUPE COUNTY CORRECTION FACILITY,
R. STREETER,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, Plaintiff's complaint will be dismissed without prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See*

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that on July 20, 2010, Plaintiff was transferred from Arizona to a New Mexico facility. An exhibit attached to the complaint indicates that Plaintiff submitted a grievance against Arizona officials for breach of contract and replacement of property, based on an incident on July 20, 2010, the same day he was transferred. Other exhibits indicate that Plaintiff had litigated matters of personal property in Arizona federal court while he was incarcerated there. He now contends that his property was destroyed in retaliation for his filing of grievances. The complaint seeks damages.

According to the complaint's exhibits, it appears that Plaintiff's property was not forwarded to New Mexico. If this is the case, his claims are not against New Mexico residents and none of the alleged events occurred here. Venue is thus improper in this district and Plaintiff must bring his claims in the Arizona courts. *See* 28 U.S.C. § 1391(b); *Kelly v. Martin*, No. 95-6271, 1996 WL 88457, at \*\*2 (10th Cir. Mar. 1, 1996); *Flanagan v. Shively*, 783 F. Supp. 922, 935 (M.D. Pa.), *aff'd*, 980 F.2d 722 (3d Cir. 1992); *Robinson v. Love*, 155 F.R.D. 535, 536 n.1 (E.D. Pa. 1994). Under these circumstances, claims against Arizona Defendants may be dismissed or transferred to Arizona. *See* § 1406(a); *Kelly*, 1996 WL 88457, at \*\*2; *Yellen v. Cooper*, 828 F.2d 1471, 1474-76 (10th Cir. 1987); *Robinson*, 155 F.R.D. at 536 n.1.

The Court of Appeals for the Tenth Circuit has noted several factors that should be considered in determining whether to transfer or dismiss a complaint. *See Trujillo v. Williams*, 465 F.3d 1210, 1223 n. 16 (10th Cir. 2006); *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (weighing *Trujillo* factors before transferring second § 2255 motion). One factor is whether a new complaint would be time barred at this point. *See Trujillo*, 465 F.3d at 1223 n.16. According to the complaint and its attachments, it appears that Plaintiff's claims are not time barred. Two other factors are

whether "the claims are likely to have merit," *Trujillo*, 465 F.3d at 1223 n. 16; *Haugh*, 210 F.3d at 1150 n. 4, and whether the petition "was filed in good faith," *Trujillo*, 465 F.3d at 1223 n. 16; *see Trierweiler v. Croxton & Trench Holding Co.*, 90 F.3d 1523, 1544 (10th Cir. 1996).  Because Plaintiff's factual allegations do not present a clear claim of retaliation by Arizona officials, the *Trujillo* factors weigh in favor of dismissing claims against Arizona Defendants without prejudice rather than transferring the claims.

Furthermore, if Plaintiff's property was never delivered to New Mexico, he has no claim against Defendant Bhakta for retaliatory destruction of property at the Guadalupe County facility. The complaint is based on events that occurred on the same day that Plaintiff arrived in New Mexico, and Plaintiff's grievance from that day is directed against Arizona parties.  He makes nothing but an unsupported allegation of property destruction by Defendant Bhakta, and the exhibits attached to the complaint make no mention of property destruction by this Defendant.  The Court will dismiss Plaintiff's claims against Defendant Bhakta without prejudice to amending these claims. If Plaintiff fails to amend his claims against Defendant Bhakta, the Court may dismiss the action.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Corrections Corporation of America and Streeter are DISMISSED without prejudice to his right to pursue these claims in an appropriate forum;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Bhakta are DISMISSED without prejudice, and within fourteen (14) days from entry of this Order, Plaintiff may amend his claims against Defendant Bhakta.

_____
UNITED STATES DISTRICT JUDGE